U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
APR 23 2001
AT_____O'CLOCK___M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE GROUP, INC; BARBARA C. LAWRENCE; LAWRENCE AGENCY CORP.; LAWRENCE HEALTH CARE ADMINISTRATIVE SERVICES, INC.; LAWRENCE UNITED CORP.; A.W. LAWRENCE AND COMPANY, INC.; LAWRENCE UNITED CORP. INSURANCE AGENCY OF SOUTHERN CALIFORNIA, INC.; GLOBAL INSURANCE COMPANY; and SENATE INSURANCE COMPANY;

                                                Plaintiffs,

-v-                                                                                    98-CV-1436
                                                                                       (Lead Case)

PETER BARTON; J. ANTHONY BOECKH; ROBERT CAMPBELL; DALE W. CHURCH; TOM CURRAN; EDWARD A DOHRING; SHARON DUKER; BRIAN ENRIGHT; JOHN FEDELE; WALTER M. FIEDEROWICZ; GOLDBERG CHARITABLE TRUST; ALAN GOLDBERG; LIBBY GOLDBERG; ROBERT J. HIGGINS; DAN HOGAN; HUGH JOHNSON; KEN LEICHMAN; MICHAEL LINDBURG; MICHAEL LOUNSBERY; LOUISE LOUNSBERY; MIKE MARVIN; MARTIN. MASTROIANNI; PATRICIA MASTROIANNI; DAN MCNAMEE; GEORGE MCNAMEE; KATHLEEN MCNAMEE; ART MURPHY; DENNIS O'CONNOR; MAUREEN O'CONNOR; SEYMOUR PEARLMAN; JOHN PUIG; BOB SCHOCK; CHARLES SCHWAGER; BENO STERNLIGHT; EDWARD SWYER; THOMAS VIERENGEL; TIM WELLES; STEVE WINK; DAVID WOOD; FIRST ALBANY CORP.; MECHANICAL TECHNOLOGY, INC.; JOHN DOES 1-50; and JANE DOES 1-50;

                                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

HARVEY & MUMFORD                                BRIAN F. MUMFORD, ESQ.
Attorneys for Defendants
20 Corporate Woods Boulevard
Albany, NY 12207

AO 72A
(Rev.8/82)

| | |
|---|---|
| AINSWORTH, SULLIVAN, TRACY, KNAUF, WARNER & RUSLANDER, P.C.<br>Attorneys for Plaintiffs<br>Brandon Place--403 New Karner Road<br>P.O. Box 12849<br>Albany, NY 12212-2849 | REBECCA A. SLEZAK, ESQ.<br>JOHN W. BAILEY, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Plaintiffs filed this action on September 9, 1998, alleging securities fraud, pursuant to 15 U.S.C. § 78m(a). They filed an amended complaint on December 18, 1998. On July 15, 1999, upon stipulation of the parties, reference to the Bankruptcy Court was withdrawn and the adversary proceeding cases, 99-MC-58, 99-MC-59, 99-MC-60, 99-MC-61, 99-MC-62, 99-MC-63, and 99-MC-64, were consolidated with this action. On December 22, 2000, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(c), and 12(b)(1). Plaintiffs oppose. Oral argument was heard on February 23, 2001, in Albany, New York. Decision was reserved.

### II. BACKGROUND

Plaintiffs in this action were shareholders of 820,909 shares of Mechanical Technology, Inc. stock ("MTI stock"). The remaining shares of MTI stock were held by First Albany Companies, Inc. ("First Albany"). Barbara C. Lawrence ("Lawrence") sold 349,068 shares of her remaining MTI stock to Global Insurance Company ("Global"). Shortly thereafter, Lawrence and various affiliated entities filed for bankruptcy protection. It was determined that the remaining 471,841 shares then held by the debtors were assets

AO 72A
(Rev.8/82)

of the bankruptcy estate and should be sold. First Albany[1] was interested in purchasing these shares, but only if it could purchase the 349,068 shares owned by Global at the same time. Negotiations took place, and an agreement was reached for the sale of the 820,909 shares.

By Sale Order dated August 12, 1997, the Bankruptcy Court set the sale price and directed that the 820,909 shares, including the debtors' shares and Global's shares, be sold. The proceeds of the shares held by Global were to be deposited in an account and to remain there pending further order of the court. Global moved the Bankruptcy Court pursuant to Fed. R. Civ. P. 59, 60; Fed. R. Bankr. P. 9023, 9024 to amend the Sale Order to remove the decretal paragraphs requiring Global to sell it shares and have the proceeds impounded in the Bankruptcy Court. (Slezak Aff. Ex. K-L.) Global argued that despite its affiliation with the debtors, its assets were not part of any bankruptcy estate. On September 9, 1997, the Bankruptcy Court entered an Amended Sale Order stating that Global agreed to sell its shares and requiring the deposit of the proceeds be held in a separate account for forty days after the sale. Id. Ex. M.

Adversary proceedings were then initiated to determine the equitable owners of the 820,909 shares of MTI stock. Senate Insurance Company ("Senate") intervened in the adversary proceeding claiming that it was the equitable owner of the MTI stock. The parties who claimed ownership in the MTI stock, the debtors and non-debtors Global and Senate, eventually reached a settlement agreement. Among other provisions, the

---

[1] First Albany was acting as agent for anonymous purchasers. The purchasers are the defendants in this action.

agreement assigned the right to bring a securities fraud action relating to the sale of the MTI stock to Global and Senate.

Seven adversary proceedings were brought by the plaintiffs in this action alleging fraud relating to the sale of the MTI stock. The adversary proceedings were consolidated. The Bankruptcy Court denied a motion to dismiss the amended complaints as impermissible collateral attacks on the Amended Sale Order. On appeal, the denial was reversed and the complaints were dismissed as impermissible collateral attacks on the judgment of the Bankruptcy Court, as the relief sought could have been obtained by bringing a Rule 60(b) motion to amend the Amended Sale Order. See Barton v. Lawrence Group, Inc., No. 99-CV-2186, 99-CV-2187, Memorandum-Decision & Order filed Sept. 5, 2000.

It is agreed that the parties at issue on the present motion are Global and Senate. The debtor-plaintiffs are bound by the decision in the adversary proceedings appeal. At issue here is whether Global and/or Senate are bound by that decision as well, and, if not, whether the motion to dismiss is well taken.[2]

## III. DISCUSSION

"Res judicata will preclude relitigation of a claim where the earlier decision was a final judgment on the merits rendered by a court of competent jurisdiction, in a case involving the same parties or their privies, where the same cause of action is asserted in the later litigation." Amalgamated Sugar Co. v. NL Industries, Inc., 825 F.2d 634, 639 (2d Cir. 1987). The September 5, 2000, Memorandum-Decision and Order constituted a final

---

[2] Plaintiffs did not oppose the dismissal of their 11 U.S.C. § 363(n) claim.

AO 72A
(Rev.8/82)

judgment on the merits in the adversary proceedings. Both Global and Senate were parties to the adversary proceedings. The same fraud cause of action was asserted in the adversary proceedings as is being asserted in this action. Accordingly, the claim asserted here cannot be relitigated, as the same claim was previously litigated in the adversary proceedings. Res judicata precludes Global and Senate from pursuing this action.

Global and Senate argue that they did not have standing to bring a Rule 60(b) motion before the Bankruptcy Court. The failure to do so was the basis for the September 5, 2000, decision dismissing the adversary proceedings.

Global was a party to the sales agreement that provided the basis for the Sale Order. Global filed a Rule 60(b) motion for amendment of the Sale Order, which was well taken and resulted in the Amended Sale Order. It is inconsistent to now argue that Global could not have filed a similar motion relating to the Amended Sale Order when evidence of the alleged fraud surfaced. While the Amended Sale Order does not direct Global to sell its shares, it recognized the participation of Global in the sale which was governed by the Bankruptcy Court. At the very least, Global should have filed a Rule 60(b) motion. In the event the Bankruptcy Court then found that Global did not have standing to bring the motion, the argument here would be well founded. That decision would have properly been before the Bankruptcy Court. Moreover, Global chose to join the adversary proceedings, knowing that it would be bound by any judgment therein. Global cannot avoid that judgment now in a later proceeding asserting the same claim.

Senate argues that it was not a party to the bankruptcy proceedings and sale and therefore did not have standing to file a Rule 60(b) motion relating to the Amended Sale Order. However, Senate obtained its rights to sue through settlement of the

adversary proceedings, by assignment of the right to sue from Lawrence. As an assignee, Senate was in privity with Lawrence and is bound by the determination in the prior litigation to which Lawrence, the assignor, was a party. There is no question that Lawrence, as a debtor, had standing to file a Rule 60(b) motion relating to the Amended Sale Order. Thus, since the adversary proceeding was dismissed as against Lawrence for her failure to file a Rule 60(b) motion to obtain the relief sought, her successor-in-interest, Senate, is bound by that determination. See Burke v. State of New York, 25 F. Supp. 2d 97, 100 (N.D.N.Y. 1998)(citing Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997))

The remaining arguments are duplicative of those resolved by the September 5, 2000, Memorandum-Decision and Order and therefore are not considered.

## IV. CONCLUSION

This action is precluded by res judicata, as the identical claims were raised by the same parties in the adversary proceedings, resolved by the Memorandum-Decision and Order of September 5, 2000.

Accordingly it is

ORDERED that

1. The defendants' motion is GRANTED; and

2. The complaint is DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 23, 2001
Utica, New York.

AO 72A
(Rev.8/82)